Filed 7/1/26  Wallace v. Optum360 Services CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| TASHA WALLACE,<br>        Plaintiff and Respondent,<br><br>v.<br><br>OPTUM360 SERVICES, INC.,<br>        Defendant and Appellant. | C102891<br><br>(Super. Ct. No. 34-2020-00279464-CU-OE-GDS) |

State law required Optum360 Services, Inc. (Optum360) to give employees rest periods free from work duties and employer control that would prevent employees from engaging in otherwise feasible activities.  (Cal. Code Regs., tit. 8, § 11040, subd. 12; *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269-270 (*Augustus*); see *Huerta v. CSI Electrical Contractors* (2024) 15 Cal.5th 908, 934-935 (*Huerta*).)  The question presented is whether Optum360 engaged in proscribed employer control when it required employees to remain on company premises during rest periods.

Former Optum360 employee Tasha Wallace and another employee brought an action on behalf of themselves and other Optum360 employees, alleging violations of state wage and hour laws, including rest period requirements.  After the trial court enforced the parties' arbitration agreement, an arbitrator held a hearing and issued an award in favor of Wallace.

1

Optum360 now appeals from the trial court's judgment confirming the arbitration award, arguing (1) California rest period law does not give an employee the right to leave the work premises, and (2) the arbitrator incorrectly concluded that the on-premises requirement amounted to proscribed employer control.

We conclude the trial court did not err in confirming the arbitration award. Under these circumstances, Optum360's on-premises rest period directive prevented employees from engaging in activities they could have otherwise engaged in if they had been permitted to leave, and thus constituted proscribed employer control. We will affirm the judgment.

BACKGROUND[1]

Wallace worked as a nonexempt employee in Optum360's payment management department. She and another Optum360 employee, Petra Garcia, brought an action under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.) (PAGA) to recover civil penalties on behalf of themselves and other employees for the alleged violation of various wage and hour laws, including laws pertaining to rest periods. The trial court granted Optum360's motion to compel arbitration of individual PAGA claims pursuant to the parties' arbitration agreement, staying representative PAGA claims pending completion of arbitration. Wallace requested arbitration of her individual claims for damages, statutory penalties under the Labor Code, and civil penalties under PAGA. Garcia settled and was dismissed as a plaintiff.

---

[1] Wallace asked this court to take judicial notice of the "Rest Periods/Lactation Accommodation" section from the California Department of Industrial Relations website, a copy of which was attached to the request. Wallace's request for judicial notice is granted. (*Howard Jarvis Taxpayers Assn. v. Bay Area Toll Authority* (2020) 51 Cal.App.5th 435, 443, fn. 3; *Subcontracting Concepts (CT), LLC v. De Melo* (2019) 34 Cal.App.5th 201, 207.) Optum360's appellate reply brief referenced a request for judicial notice and an exhibit to that request, but Optum360 did not file a request for judicial notice in this court.

The arbitrator granted Optum360's motion for summary adjudication as to a cause of action for unpaid overtime wages but denied the motion as to the remaining causes of action. The arbitrator then held an evidentiary hearing.

Wallace testified that in 2016 or 2017, Ronald Deal, the director of Optum360's collections and billing department, announced that employees could no longer leave company property during their 15-minute rest period. Wallace understood that she had to return to her workstation by the end of 15 minutes and could not leave the area of the office building and parking lot. Before the on-premises rest period directive was instituted, Wallace had walked to Walgreens, Starbucks, or a park during her rest periods.

Diane Newman was an Optum360 senior biller/collector in the collections and billing department who had worked in the same office building as Wallace. She testified that Deal told employees they could no longer leave the building and parking lot for rest periods. Newman added that before the directive was implemented, Newman had walked to Starbucks or a park during her rest periods.

Tina Staab was the manager of Optum360's payment management department. Wallace's supervisor reported to Staab. Staab testified that Optum360 provided two 15-minute rest periods for an eight-hour shift and paid a daily premium of one hour of pay for missed rest periods. The written rest period policy in place during the relevant time period stated: "Non-exempt employees are entitled, encouraged, and expected to take all meal periods and rest breaks provided under this policy. During meal periods and rest breaks, the Company will relieve employees of all duties and will not exercise control over employees' activities. Non-exempt employees are free to spend their meal periods and rest breaks as they choose." According to Staab, employees were relieved of all job duties during rest periods and could go wherever they wanted as long as they could return to work on time. Staab was unaware of any e-mail or memo announcing an on-premises rest period policy.

3

The arbitrator found in favor of Optum360 on some of Wallace's causes of action, but as to the rest period claims (the first, fifth, sixth, and seventh causes of action), the arbitrator concluded Wallace was entitled to premiums for non-compliant rest periods. The arbitrator credited Wallace's testimony that sometime in 2016 or 2017, Deal had instructed employees they could no longer leave company premises during rest periods, and that Wallace had complied with the on-premises rest period directive during the relevant time period. The arbitrator determined that although Optum360 had relieved Wallace of her work duties during the rest periods, the on-premises rest period requirement had the effect of controlling how Wallace could spend her break. The arbitrator awarded Wallace $11,269.44 in damages, statutory penalties, and PAGA civil penalties; $79,558.50 in attorney's fees; and $3,439.15 in costs.

After the trial court lifted the previously imposed stay, Optum360 filed a petition to correct and/or vacate the arbitration award, and Wallace filed a petition to confirm the award. The trial court confirmed the arbitration award as corrected. It said Optum360 had not challenged the arbitrator's factual finding that the on-premises rest period requirement controlled how Wallace could spend her break.

STANDARD OF REVIEW

Neither party challenges the trial court's ruling that their arbitration agreement required the arbitrator to follow California law, authorized a court action to confirm or vacate the arbitration award, and provided that in a court action the standard of review for the arbitrator's findings of fact and conclusions of law would "be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury." On appeal from a judgment by the trial court sitting without a jury, we review factual findings for substantial evidence and the resolution of questions of law de novo. (*Apex LLC v. Sharing World, Inc.* (2012) 206 Cal.App.4th 999, 1009.) The same standards apply to our review of a trial court's order confirming an

4

arbitration award. (*Harshad & Nasir Corp. v. Global Sign Systems, Inc.* (2017) 14 Cal.App.5th 523, 536; *Cooper v. Lavely & Singer Professional Corp.* (2014) 230 Cal.App.4th 1, 11-12.)

## DISCUSSION

### I

Optum360 contends California rest period law does not give an employee a right to leave the work premises.

Wage and hour rules are established by the Labor Code and wage orders adopted by the Industrial Welfare Commission. (*Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58, 66 (*Donohue*); *Augustus, supra*, 2 Cal.5th at p. 262, fn. 5, 263; see Lab. Code, § 1173.) Wage orders are regulations defining the minimum requirements for wages, hours, and working conditions in specified industries and occupations. (*Augustus,* at pp. 262, fn. 5; Cal. Code Regs., tit. 8, § 11010 et seq.) They are accorded the same dignity as statutes. (*Donohue*, at p. 66.)

We independently interpret wage orders and statutes (*Mendiola v. CPS Security Solutions, Inc.* (2015) 60 Cal.4th 833, 840), construing them in a light favoring the protection of employees, while considering determinations made by the Division of Labor Standards Enforcement (DLSE). (*Augustus, supra*, 2 Cal.5th at pp. 262-263, 267.)

The parties agree that Wage Order 4-2001 applies here. (Cal. Code Regs., tit. 8, § 11040, subd. 2(P).) It provides: "Every employer shall authorize and permit all employees to take rest periods … . The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. … [¶] If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Cal. Code Regs., tit. 8, § 11040, subd. 12; accord Lab. Code, § 226.7, subd. (c).) The California Supreme Court has held that a "rest

period" refers to time during which an employee is free from work or work-related duties. (*Augustus, supra*, 2 Cal.5th at p. 265.) Labor Code section 226.7 prohibits an employer from requiring an employee to work during a rest period. (Lab. Code, § 226.7, subd. (b).)

In contrast to a rest period, "hours worked" refers to time during which an employee is subject to employer control. (Cal. Code Regs., tit. 8, § 11040, subd. 2(L).) Accordingly, the California Supreme Court has explained that the off-duty rest period requirement means that employees must not only be relieved from all work-related duties, they must also be free from employer control over how they spend their time. (*Augustus, supra*, 2 Cal.5th at p. 270.)

Optum360 argues that applicable authorities did not give Wallace the right to leave the work premises during her rest period. But as we explain further in the next part of our discussion, applicable authorities do specify that when an on-premises requirement prevents an employee from engaging in activities he or she could otherwise have engaged in if they had been permitted to leave, the on-premises requirement constitutes proscribed employer control. Contrary to Optum360's assertion, it was not enough that it relieved Wallace of work duties during her rest periods. She was also entitled to be free from employer control that would prevent her from engaging in otherwise feasible activities.

II

Optum360 further contends the arbitrator incorrectly concluded that the on-premises rest period requirement amounted to proscribed employer control.

The arbitrator found that Optum360's on-premises rest period directive restricted how Wallace could spend her rest period time, and that the directive amounted to an exercise of control over Wallace's rest period time to a degree that violated the off-duty rest period requirement. The trial court found no error in that regard.

6

In *Augustus*, security guards employed by ABM Security Services, Inc. (ABM) were required to keep their pagers and radio phones on and remain vigilant and responsive to calls during rest periods. (*Augustus, supra*, 2 Cal.5th at p. 260.) A security guard filed a class action lawsuit alleging that ABM's policy violated the State's rest period law. (*Ibid.*) The issues before the Supreme Court were (1) whether Wage Order 4 and Labor Code section 226.7 mandated off-duty rest periods, and (2) whether employers could require employees to remain on call during rest periods. (*Augustus,* at pp. 260, 264, 269) The Supreme Court held that on-duty rest periods violated Wage Order 4 and Labor Code section 226.7. (*Augustus,* at p. 273.)

The employer policy in *Augustus* did not require employees to remain on site during rest periods, and the Supreme Court did not address in that case the lawfulness of an employer on-premises rest period directive or a directive otherwise restricting employee movement during rest periods. (*Augustus, supra*, 2 Cal.5th at pp. 260-262, 270.) However, the Supreme Court did acknowledge that a 10-minute rest period imposed practical limitations on employee movement in that "an employee generally can travel at most five minutes from a work post before returning to make it back on time. Thus, one would expect that employees will ordinarily have to remain on site or nearby." (*Augustus, supra*, 2 Cal.5th at p. 270.) According to the Supreme Court, the practical limitation a 10-minute rest period imposed on an employee's movement, by itself, was insufficient to establish proscribed employer control. (*Id.* at p. 270.)

The Supreme Court ultimately concluded that ABM's on-duty rest period policy constrained how employees could use their rest periods, and that those restrictions were inconsistent with the obligation to relieve employees from employer control during breaks. (*Augustus, supra*, 2 Cal.5th at p. 270.) Such proscribed control was further analyzed in *Huerta, supra*, 15 Cal.5th 908, a case that involved, among other things, an on-premises requirement in the context of unpaid meal breaks. The Supreme Court explained that when an employer prohibits an employee from leaving the premises and

7

the prohibition prevents the employee from engaging in activities he or she could have engaged in if they had been permitted to leave, the employee remains under the employer's control even if the employee is relieved of job duties, because the employer is restraining the employee from otherwise feasible activities. (*Id.* at p. 935.) Although Optum360 argues meal periods are distinguishable from the rest periods here, we find *Huerta's* description of proscribed employer control apt in this case.

Substantial evidence supports the arbitrator's finding that Optum360's on-premises rest period directive improperly restricted how Wallace could spend her rest period time. Wallace and Newman testified that Optum360 employees were not permitted to leave company premises during rest periods. Before Optum360 instituted that directive, Wallace said she had walked to a neighborhood park, a Walgreens around the corner, or a Starbucks during her rest periods. We do not consider Optum360's assertion that those destinations were "functionally unreachable" during a 15-minute rest period, because the assertion is not supported by citation to the record. (*Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) As far as we know, there was no evidence that Wallace could not reach those places and return to her workstation in 15 minutes. Newman testified that before the on-premises rest period directive, she also left company premises during her rest periods to walk to a park or to go to a Starbucks. We are not aware of evidence that Wallace's movement off premises during rest periods caused a problem. These circumstances appear to be distinguishable from those where practical realities, such as the size or location of a worksite, would prevent employees from leaving the premises and then returning to their workstation by the end of the rest period.

Accordingly, the evidence supports the conclusion that Optum360's on-premises rest period directive prevented employees from engaging in activities they could have

8

otherwise engaged in if they had been permitted to leave, and thus constituted proscribed employer control. Optum360 has not established error.

## DISPOSITION

The judgment is affirmed.

/S/
MAURO, Acting P. J.

We concur:

/S/
RENNER, J.

/S/
FEINBERG, J.